OPINION OF THE COURT
Edward M. O’Gorman, J.
By the fourth and fifth causes of action set forth in the complaint, the wife of the injured plaintiff Ronald Klejmont sues to recover damages for injuries to her back allegedly sustained in her home while caring for her injured husband. It is her contention that the defendants caused the injury to her husband by negligently permitting snow and ice to accumulate at the entrance to the Valley School and that it is a further consequence of the defendants’ said negligence that she later suffered the injury for which she now seeks damages.
The defendants now move to dismiss the said fourth and fifth causes of action.
The issue presented by this motion raises fundamental questions with respect to the scope of liability for negli *151 gence and the boundary to be set on the concept of proximate cause.
The scope of liability for negligence has been eloquently defined by Judge Cardozo, speaking for the majority, in Palsgraf v Long Is. R. R. Co. (248 NY 339, 343) as follows: “the orbit of the danger as disclosed to the eye of reasonable vigilance would be the orbit of duty.”
And again at page 345: “One who seeks redress at law does not make out a cause of action by showing without more that there has been damage to his person. If the harm was not willful, he must show that the act as to him had possibilities of danger so many and apparent as to entitle him to be protected against the doing of it though the harm was unintended.”
In the same case, Judge Andrews, in dissent, defined the process whereby the courts determine proximate cause as follows (p 352): “What we do mean by the word ‘proximate’ is, that because of convenience, of public policy, of a rough sense of justice, the law arbitrarily declines to trace a series of events beyond a certain point.”
And again, at page 354: “Is the effect of cause on result not too attenuated? Is the cause likely, in the usual judgment of mankind, to produce the result? Or by the exercise of prudent foresight could the result be foreseen? Is the result too remote from the cause, and here we consider remoteness in time and space.”
We must assume, for the purposes of this motion, that the defendants were negligent when they permitted the., ice and snow to accumulate at the entrance to their school because it was foreseeable that a visitor might be caused, as a consequence, to fall on the slippery surface. But when we ask the question whether the failure to remove the ice and snow also posed a foreseeable threat of physical injury to the plaintiff Rosemarie Klejmont as a result of lifting heavy materials in her home at a later time and in some other place, as alleged in the fourth and fifth causes of action, the answer must be in the negative. Hence, the test of foreseeability defined by Judge Cardozo in Palsgraf (supra) has not been met in this case.
*152 Nor has the test of proximate cause as defined in the dissent in Palsgraf (supra) been met.
When we trace the chain of events from the injury sustained by the plaintiff Ronald Klejmont in the entrance way to the defendant school to his subsequent confinement in his home and through the day-to-day care which was being afforded him by his wife in connection with his injury, to the lifting of “heavy materials” which the plaintiff Rosemarie Klejmont claims was the cause of her injury, we must conclude that the negligence of the defendants in permitting the ice and snow to accumulate on their premises was too remote in time and too distant in place to be regarded as the proximate cause of the plaintiff Rosemarie Klejmont’s injury, in accordance with the test laid down in Palsgraf (supra).
The court is not unmindful of the doctrine of those cases which state that a defendant is charged with foreseeing that danger invites rescue and that a defendant guilty of negligence which causes harm to another may also be responsible to those who come to the victim’s rescue and are injured in the process. In this situation, the doctrine which makes the defendant liable to the rescuer is based on the general acceptance of the view that the rescue attempts were foreseeable. An element considered in cases so holding is the fact that the rescuer was acting under the stress of an emergency (see Eckert v Long Is. R. R. Co., 43 NY 502; Wagner v International Ry. Co., 232 NY 176). This element, together with the element of immediacy, distinguishes the rescue cases from the present case.
It would seem, therefore, that both the majority and the minority of the court in Palsgraf (supra) would have agreed that the plaintiff’s fourth and fifth causes of action do not state a cause of action and should be dismissed.
For the foregoing reasons, the motion to dismiss the fourth and fifth causes of action of the complaint for failure to state a cause of action must be granted.